

# Fourth Court of Appeals
## San Antonio, Texas

October 9, 2013

No. 04-13-00541-CV

**LONE STAR SPORTSMAN, INC.** d/b/a Alan Warren Outdoors,
Appellant

v.

Mike **MALIK** d/b/a Paradice Hunt Club,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-19979
Honorable Laura Salinas, Judge Presiding

## O R D E R

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice

This is an appeal from a final judgment dismissing claims brought by appellant Lone Star Sportsman, Inc. against appellee Mike Malik d/b/a Paradice Hunt Club. Three motions have been filed in this appeal. After considering the motions and the responses to the motions, we make the following rulings.

First, appellant filed a motion to refer this appeal to mediation. Appellee, however, filed an Alternative Dispute Resolution Addendum indicating his belief that mediation would not be a beneficial tool in the resolution of this appeal. We, therefore, DENY appellant's motion to refer this appeal to mediation.

Second, appellant filed a motion to direct the trial court to file findings of fact and conclusions of law. We conclude the trial court was not required to file findings of fact and conclusions of law in this case. *See In re Estate of Davis*, 216 S.W.3d 537, 542 (Tex. App.— Texarkana 2007, pet. denied) (concluding the trial court was not required to file findings of fact and conclusions of law on a special appearance ruling); *Niehaus v. Cedar Bridge, Inc.*, 208 S.W.3d 575, 579 n.5 (Tex. App.—Austin 2006, no pet.) ("Texas Rules of Civil Procedure 296

and 297 do not impose any duty on the trial court to file findings of fact and conclusions of law where there has been no trial…"). We, therefore, DENY appellant's motion to direct the trial court to file findings of fact and conclusions of law.

Finally, appellee filed a request to dismiss this appeal, alleging that the notice of appeal was untimely. Appellee's request is based on the premise that this is an accelerated appeal from an interlocutory order. *See* TEX. R. APP. P. 26.1(b) (stating the notice of appeal in an accelerated appeal must be filed within 20 days after the judgment or order is signed). Appellee is mistaken. This appeal is an appeal from a final judgment. Appellee filed a special appearance that was sustained by the trial court on May 14, 2013. The trial court signed a final judgment dismissing appellant's cause on May 15, 2013. Appellant then filed a timely request for findings of fact and conclusions of law and a timely motion for new trial, which extended the time for filing the notice of appeal until 90 days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Appellant filed its notice of appeal on August 9, 2013. Appellant's notice of appeal was therefore timely. *See id*. We, therefore, DENY appellee's motion to dismiss this appeal.

Appellant's brief is due no later than **October 17, 2013**. *See* TEX. R. APP. P. 38.6(a).

**PER CURIAM**

Attested to: _____
Keith E. Hottle
Clerk of Court



October 9, 2013

No. 04-13-00541-CV

**LONE STAR SPORTSMAN, INC.** d/b/a Alan Warren Outdoors,
Appellant

v.

Mike **MALIK** d/b/a Paradice Hunt Club,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-19979
Honorable Laura Salinas, Judge Presiding

# O R D E R

Sitting:    Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

This is an appeal from a final judgment dismissing claims brought by appellant Lone Star Sportsman, Inc. against appellee Mike Malik d/b/a Paradice Hunt Club. Three motions have been filed in this appeal. After considering the motions and the responses to the motions, we make the following rulings.

First, appellant filed a motion to refer this appeal to mediation. Appellee, however, filed an Alternative Dispute Resolution Addendum indicating his belief that mediation would not be a beneficial tool in the resolution of this appeal. We, therefore, DENY appellant's motion to refer this appeal to mediation.

Second, appellant filed a motion to direct the trial court to file findings of fact and conclusions of law. We conclude the trial court was not required to file findings of fact and conclusions of law in this case. *See In re Estate of Davis*, 216 S.W.3d 537, 542 (Tex. App.—Texarkana 2007, pet. denied) (concluding the trial court was not required to file findings of fact and conclusions of law on a special appearance ruling); *Niehaus v. Cedar Bridge, Inc.*, 208 S.W.3d 575, 579 n.5 (Tex. App.—Austin 2006, no pet.) ("Texas Rules of Civil Procedure 296 and 297 do not impose any duty on the trial court to file findings of fact and conclusions of law

where there has been no trial…"). We, therefore, DENY appellant's motion to direct the trial court to file findings of fact and conclusions of law.

Finally, appellee filed a request to dismiss this appeal, alleging that the notice of appeal was untimely. Appellee's request is based on the premise that this is an accelerated appeal from an interlocutory order. *See* TEX. R. APP. P. 26.1(b) (stating the notice of appeal in an accelerated appeal must be filed within 20 days after the judgment or order is signed). Appellee is mistaken. This appeal is an appeal from a final judgment. Appellee filed a special appearance that was sustained by the trial court on May 14, 2013. The trial court signed a final judgment dismissing appellant's cause on May 15, 2013. Appellant then filed a timely request for findings of fact and conclusions of law and a timely motion for new trial, which extended the time for filing the notice of appeal until 90 days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Appellant filed its notice of appeal on August 9, 2013. Appellant's notice of appeal was therefore timely. *See id*. We, therefore, DENY appellee's motion to dismiss this appeal.

Appellant's brief is due no later than **October 17, 2013**. *See* TEX. R. APP. P. 38.6(a).

## PER CURIAM

Attested to: _/s/ Keith E. Hottle_
            Keith E. Hottle
            Clerk of Court

ENTERED THIS 9TH DAY OF OCTOBER, 2013.

VOL. _____ PAGE _____